IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WINSTON E. MORSE, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 15-00343-CB-M |
| ADVANCE CENTRAL | ) | |
| SERVICES ALABAMA and | ) | |
| MATT HAVARD, | ) | |
| | ) | |
| Defendants, | ) | |

## ORDER

This matter is before the Court on Defendants' motion to dismiss the complaint for failure to state a claim. (Doc. 10) After considering the motion and supporting brief, Plaintiff's *pro se* response (Doc. 23), and Defendants' reply (Doc. 27), the Court finds Plaintiff's claims against defendant Matt Havard are due to be dismissed. With respect to defendant Advance Central Services Alabama, Plaintiff will be given an opportunity to amend and clarify his claim.

**Background**

On July 2, 2015, Plaintiff Winston Morse, Sr. filed a *pro se* complaint. (Doc. 1.) On the form complaint, he listed as defendants "Advance Central Services Alabama (Press Register) and Matt Havard, Human Resources Mgr." Plaintiff alleged that he was terminated from his employment with Advance Central Services Alabama on account of his disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.. § 12117. (Compl. ¶ 8.) According to the complaint Plaintiff suffered a

debilitating work-related injury and was diagnosed with arthritis in both hands.  (*Id.* ¶ 11.)  The alleged discrimination occurred on or about January 7, 2014, Morse filed charges with the EEOC on July 8, 2014, and he received a right-to-sue letter on April 10, 2015. (*Id.* ¶¶ 10 & 13.)

Along with the complaint, Morse filed a motion to proceed *in forma pauperis*. Before ruling on that motion, the Magistrate Judge entered an order requiring Morse to clarify his claims by responding to four interrogatories regarding alleged disability and also required that Morse file copy of his EEOC charge of discrimination.  (Doc. 3.)  Morse responded that his injury occurred on December 14, 2013 and resulted from feeding paper into a hopper.  (Pl.'s Rsp. to Interrogs. 5, Doc. 4.)  After working a shift in which there were problems with the hopper, Morse had wrist pain, which became severe, as well as some numbness in his hand and arm.  His was subsequently diagnosed with "carpal tunnel syndrome and "nerve ending damages."  (*Id*. 6.)

In response to the Magistrate Judge's order and in response to the motion to dismiss, Morse filed copies of various EEOC filings and correspondence. (Docs. 5 & 23.)  Among these is a document is entitled Amended Charge of Discrimination,[1] dated July 8, 2014 and stamped "Received Jul-8 2014 EEOC Mobile Local Office." (Pl.'s Notice 1, Doc. 5; Pl.'s Rsp. 3, Doc. 23.)  The Amended Charge states January 4, 2014 was the date of termination.  One week later, on July 15, 2014, the EEOC issued

---

[1] Morse later submitted a "Charge of Discrimination" filed on the same date as the Amended Charge.  The only difference between the two is the respondents.  The Charge named only Advance Central Service Alabama.  The Amended Charge added Mobile Press Register as a respondent.

a "Dismissal and Notice of Rights" informing Morse that it was closing its file on this charge because "[y]our charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." (Pl.'s Rsp. 4, Doc. 23.)  However, on October 15, 2014, the EEOC, through its Local Office Director, issued a "Notice of Intent to Reconsider" stating:

> Pursuant to the Commission's procedural Rules and Regulations 29 CFR Section 1601.21(d) I, under the authority vested in me, I [sic] hereby notify the parties of my intention to reconsider the determination issued on July 15, 2014, and to revoke the Dismissal and Notice of Right to Sue.  After reconsideration, the Commission will issue determination anew to the parties.

(*Id.* 5.)  On April 8, 2015, the EEOC issued a second Dismissal and Notice of Rights letter.  This one concluded:  "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statute."  (*Id.* 9.)

**Issues Presented**

Defendants argue that the complaint fails to state a claim against either of them for two reasons:  (1) Plaintiff failed to comply with one of the administrative prerequisites for filing suit (i.e., failing to file a timely EEOC charge of discrimination) and (2) the complaint does not allege that Plaintiff was "disabled" as that term is defined by the ADA.  Furthermore, they argue that Plaintiff cannot recover against defendant Matt Havard.

**Analysis**

### Legal Standard

A complaint drafted by a *pro se* plaintiff is "[held] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520,

3

(1972) (per curiam).  Nevertheless, any complaint, even one drafted by a *pro se* plaintiff,  "must set forth enough factual matter (taken as true) to suggest [the required elements of a cause of action]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).   When considering whether a complaint states a claim for relief, the Court "should assume, on a case-by-case basis, that well pleaded factual allegations are true and then determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).  Plausibility means something more than allegations that are "merely consistent with" liability.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Finally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)(per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).  *See also Watkins v. Hudson*, 560 Fed. Appx. 908 , 911 n. 2 (11th Cir. 2014) (explaining that *Wagner* overruled *Hudson* with respect to plaintiffs who are represented by counsel).

**Matt Havard is not a Proper Defendant**

Defendants point out, correctly, that Havard is due to be dismissed as a defendant because the ADA provides relief only against the employer.  *Alba v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007).  Plaintiff's claims against Havard are, therefore, due to be dismissed.

**Timeliness of EEOC Charge**

The Eleventh Circuit has succinctly set forth the relevant administrative requirement a plaintiff must satisfy before filing a lawsuit under the ADA or other anti-discrimination statutes:

> In order to litigate a claim for discrimination under Title VII, the ADA, or the ADEA a plaintiff must first exhaust his administrative remedies, beginning with the filing of a charge of discrimination with the EEOC. . . . In a non-deferral state, such as Alabama, a plaintiff must file an employment discrimination charge with the EEOC within 180 days after the date of the alleged discrimination. . . Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge.

*Rizo v. Alabama Dep't of Human Res.*, 228 Fed. Appx. 832, 835 (11th Cir. 2007). According to the complaint, Morse was terminated on January 7, 2014.[2] He filed his charge of discrimination 182 days later on July 8, 2014.

Nevertheless, the Court is not prepared to conclude, based on the record currently before it, that the *pro se* plaintiff's claim should be dismissed.[3] At the very least, the Court is perplexed by the EEOC's decision to reconsider the claim on the merits after having concluded that it was untimely. "The purpose of the requirement that a plaintiff file an EEOC charge within 180 days (or 300 days in a deferral state) of the allegedly illegal act or practice is (1) to give the employer

---

[2] In the charge of discrimination, Morse stated that his date of termination was earlier—January 4, 2014.

[3] Normally, evidence outside the pleadings may not be considered in deciding a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). "There is an exception, however, to this general rule. In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). The EEOC documents have been considered under this exception.

prompt notice of the complaint against it, and (2) to give the EEOC sufficient time to attempt the conciliation process before a civil action is filed." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1102-03 (11th Cir. 1996).  The latter requirement was undoubtedly satisfied.  Because the EEOC reversed its initial dismissal and attempted the conciliation process, the Court cannot discount the possibility that notice was timely.[4]

**Plaintiff's ADA Claim is Deficient**

"To state a discrimination claim under the ADA, a plaintiff must allege sufficient facts to plausibly suggest '(1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1289 (11th Cir. 2015) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1264 (11th Cir.1997)).  As Defendants point out, the facts alleged by Plaintiff (in the complaint and in Plaintiff's supplemental pleadings) do not plausibly suggest that Plaintiff suffered from a "disability" or that he is a "qualified individual" as those terms are defined by the ADA.

For ADA purposes, disability means '"(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" *Id.* (quoting 42 U.S.C. § 12102(2); see also 29 C.F.R. § 1630.2(g)).  The

---

[4] Also, in some instances the doctrines of equitable tolling, estoppel, or waiver may apply to extend the time for filing a charge of discrimination.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982).

regulations implementing the ADA define "major life activity" to include activities such as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working; and the operation of a major bodily function."  29 C.F.R. § 1630.2(i)(1).  Plaintiff has not provided any facts to suggest that his diagnosed physical impairments--carpal tunnel syndrome, arthritis, and nerve-ending damage--have substantially limited a major life activity.  Nor do the facts suggest that his employer regarded him as being substantially limited in a major life activity due to these impairments.

Plaintiff's factual allegations also do not support an inference that he was a "qualified individual."  "The term 'qualified,' with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position."  *Id.* § 1630.2(m).  Plaintiff does not assert that despite his injury he possessed the requirements necessary to perform the essential functions of the position with or without reasonable accommodation.

**Conclusion**

Even if the additional facts asserted in subsequent pleadings and filings are considered as part of the complaint, Plaintiff has failed to assert facts that would plausibly suggest all of the elements of an ADA claim.  Because Plaintiff is

7

proceeding *pro se,* he will be given an opportunity to cure these deficiencies.  On or before **April 29, 2016**, Plaintiff must file an amended complaint that contains a short and plain statement of facts to support his ADA claim, including facts that would show (1) his physical impairments substantially limited a major life activity and (2) that he could fulfill the requirements of his job with or without reasonable accommodation.

      **DONE** and **ORDERED** this the 11th day of April, 2016.

                                    s/*Charles R. Butler, Jr.*
                                    **Senior United States District Judge**