IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WINSTON E. MORSE, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 15-00343-CB-M |
| ADVANCE CENTRAL | ) | |
| SERVICES ALABAMA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On April 12, 2016, this Court entered an order finding that Plaintiff had failed to state a claim upon which relief can be granted.  Plaintiff, who is proceeding *pro se* was given an opportunity to amend his complaint to state a claim for relief under the Americans with Disabilities Act (ADA).  Plaintiff has filed an amended complaint (Doc. 38), but that complaint is also deficient.  Defendant has filed a motion to dismiss (Doc. 41), which is due to be granted.[1]

**Procedural Background**

Plaintiff Winston Morse, Sr. filed a *pro se* complaint on July 2, 2015 in which he attempted to assert an ADA claim against Advance Central Services Alabama and its human resources manager, Matt Havard.  (Doc. 1.)  The complaint listed as defendants "Advance Central Services Alabama (Press Register) and Matt Havard,

---

[1] Plaintiff has not been given an opportunity to respond to the motion to dismiss because the Court concludes that any response would be futile.  Plaintiff has been given numerous opportunities to correct the deficiencies in his complaint, to no avail.  (Docs. 3, 13, 20, 32 & 35.)

Human Resources Mgr." Soon thereafter, the Magistrate Judge entered an order requiring Morse to clarify his claims by responding to four interrogatories regarding alleged disability and also required that Morse file copy of his EEOC charge of discrimination. (Doc. 3.)  Morse complied with the order. (Docs. 4 & 5.)  Next, the Defendants filed a motion to dismiss for failure to state a claim. (Doc. 10.)  Morse sought, and was granted, several extensions of time while he sought to hire an attorney and respond to the motion to dismiss. (Docs. 14, 15, 18, 19, & 20.)  Plaintiff did not obtain counsel but did file a *pro se* response to the motion to dismiss. The Court then entered the order dismissing Morse's claim against Havard and requiring Morse to file an amended complaint to cure the deficiencies in his claims against Advance Central Services Alabama (ACSA). After another extension of time was granted at Morse's request, Morse filed an amended complaint entitled "Response to Judge Butler Order/Amended Motion."   (Doc. 38.)

**The Amended Complaint & Related Documents**

In his amended complaint, Morse again alleges that he "suffer[ed] a debilitating work[-]related injury, on or before December 14, 2013" through no fault of his own, was terminated on January 7, 2014. (Am. Compl. 1.)  After his injury, he "received permission to seek medical treatment [and] was subsequent*ly* diagnosed with Carpal Tunnel Syndrdome, nerve ending damage" and, in addition, "was also arthritis in both hands." (*Id.*)  According to the amended complaint, the carpal tunnel, nerve ending damage and arthritis diagnoses were made by Dr. Freeman "[o]n or before May, 2014." (*Id.* 2) Morse also refers to shoulder problems that

began "[o]n or before January 2015." (*Id.*)  Morse has "severe pain," his shoulder and arm are "also very weak with limited range" which prevents [him] from performing daily chores and/or personal hygiene activities."  (*Id.*) The amended complaint also alleges that the EEOC investigated his charge of discrimination and "concluded that [Morse] was/am disabled and ha[s] met and surpassed the criteria(s) [sic] needed to be protected by the ADA.  Finally, Morse asserts that he was a valuable asset as an employee and that he would "be just as successful and effective" as he was previously. (*Id.*)

In addition to the foregoing factual allegations, the amended complaint incorporates by reference the EEOC's right-to-sue letter and other EEOC documents as well as numerous medical records.  Contrary to the allegations in the amended complaint, the EEOC did not determine that Morse was disabled and/or met the requirements of the ADA.  Instead, the EEOC was "unable to conclude that the information obtained establishes violations of the statute."  (Am. Comp. Ex. C.)  Moreover, the medical records submitted by Morse in conjunction with his original and amended complaints establish that he sustained a work-related injury to his hand on or about December 13, 2013.  On December 16, 2013, Morse was examined by a doctor who diagnosed a hand sprain.  Morse was released for "light duty" work and returned for a follow-up appointment on December 23, 2013.  At the follow-up appointment, the doctor noted "symptoms of carpal tunnel with an acute strain," referred Morse to a specialist, and released him for restricted duty with "[l]imited lifting and grasping with right hand."  (Doc. 4, 14.)

**Legal Analysis**

In its motion to dismiss, Defendant Advance Central Services Alabama (ACSA) argues that Morse has once again failed to satisfy the minimum requirements necessary to state a claim for relief under the ADA.[2] [3] As the Court recognized in its previous order:

> "To state a discrimination claim under the ADA, a plaintiff must allege sufficient facts to plausibly suggest '(1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1289 (11th Cir. 2015) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1264 (11th Cir.1997)).

(Ord. at 6, Doc. 32.) The ADA defines disability as "'(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" *Id.* (quoting 42 U.S.C. § 12102(2); see also 29 C.F.R. § 1630.2(g)). A "major life activity" includes activities such as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking,

---

[2] The standard for reviewing a Rule 12(b)(6) motion to dismiss was set forth in the Court's April 12, 2016 order (Doc. 32) and need not be repeated in detail here. Suffice it to say, facts pleaded in the complaint are taken as true but conclusions are not. *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). A court must take the factual allegations as true and determine whether they plausibly give rise to a claim for relief. *Id.* at 710.

[3] Because the amended complaint does not state a claim under the ADA, the Court does not address ASCA's argument that the claim should be dismissed for failure to exhaust administrative remedies.

communicating, interacting with others, and working; and the operation of a major bodily function." 29 C.F.R. § 1630.2(i)(1).

There are no facts to suggest that Morse suffered from, had a record of, or was regarded having a disability within the meaning of the ADA at the time of his termination.[4]  The first two categories—actual disability and record of disability—require evidence that a plaintiff actually suffered from a mental or physical impairment that substantially limited a major life activity at the time of the adverse employment action.  *Howard v. Steris Corp.*, 550 Fed. Appx. 748, 750 (11th Cir. 2013) (employer must have actual knowledge of disability at time of adverse employment action); *cf. Hilburn v. Murata Elec. N. Am., Inc.*, 181 F.3d 1220, 1228-29 (11th Cir. 1999) (record-of-disability plaintiff must have actual disability).  According to the facts asserted in the amended complaint and supporting documents, Morse did not have a disability at the time of his termination.  The Amended Complaint does not identify any major life activity that was substantially limited at that time by the impairment that existed at that time (a sprained wrist and symptoms of carpal tunnel syndrome).  He was capable of working, and his ability was restricted only by limitations on lifting and grasping with his right hand.[5]

---

[4] At best, Morse has arguably pled facts that would demonstrate he might currently satisfy the definition of disability under the ADA.  However, his current condition is the result of medical conditions that have worsened or occurred after ACSA terminated his employment (carpal tunnel surgery, shoulder problems, arthritis).

[5] Morse alleges that he *currently* has difficulty completing daily chores, which he attributes to shoulder pain and to treatment for a shoulder problem diagnosed in 2015, long after ACSA terminated his employment.

Furthermore, the facts do not support a claim that ACSA *regarded* Morse as being substantially limited in a major life activity. The only major life activity affected by Morse's impairment, at least to ACSA's knowledge, was working. To succeed under a theory that ACS regarded him as being substantially limited in his ability to work, Morse must plead facts from which it could be reasonably inferred that ACSA perceived him to be unable to perform "a class of jobs or a broad range of jobs in various classes." *Rossbach v. City of Miami*, 371 F.3d 1354, 1359 (11th Cir. 2004). At most, ACSA knew that Morse was limited in his ability to lift and grasp with his right hand due to his impairment. An employer's mere knowledge of an impairment says little about its perception of that impairment on an individual's capability to perform jobs in the broader workforce. ACSA's knowledge of Morse's impairment and work restrictions does not create an inference that it perceived Morse to be unable to perform a class of jobs or broad range of jobs in other classes.

**Conclusion**

Plaintiff has been unable to state an ADA claim despite having been given multiple opportunities to do so. Therefore, the motion to dismiss is **GRANTED**.

**DONE** and **ORDERED** this the 25th day of July, 2016.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**
